UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ESMERALDA CUBAN BAKERY, INC.,

    Plaintiff,

v.                                         Case No: 2:18-cv-788-FtM-99MRM

SCOTTSDALE INSURANCE
COMPANY,

    Defendant.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Plaintiff Esmeralda Cuban Bakery, Inc.'s Motion to Remand and for Attorney's Fees (Doc. 15), and Defendant Scottsdale Insurance Company's Response in Opposition (Doc. 17). For the reasons below, the Court denies the motion.

This is a breach of insurance policy case. (Doc. 3). Esmeralda sued Scottsdale in state court after Scottsdale refused to cover losses suffered from Hurricane Irma. (Doc. 3). Scottsdale timely removed the case to this Court based on diversity jurisdiction after answering Esmeralda's Amended Complaint. (Doc. 1). Now, Esmeralda moves to remand the case because Scottsdale waived its right to remove, and Scottsdale failed to

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

establish the amount in controversy.[2] (Doc. 15). Esmeralda also seeks attorney's fees under 28 U.S.C. § 1447(c).

A defendant may remove a case from state to federal court if the amount in controversy exceeds $75,000, exclusive of interest and costs, and complete diversity of citizenship exists. See 28 U.S.C. § 1441(a); 28 U.S.C. § 1332. If damages are not specified in the complaint, the removing party must prove the amount in controversy by a preponderance of the evidence. See Lowery v. Ala. Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007). A defendant may also waive its right of removal if it participates in some substantial litigation in state court. See Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP, 365 F.3d 1244, 1246 (11th Cir. 2004). A court must determine if a defendant has waived its removal right on a case-by-case basis. Id.

Here, Scottsdale did not waive its right of removal. Scottsdale's sole action in state court was answering Esmeralda's Amended Complaint. And a review of the Florida and federal procedural rules show that Scottsdale's response to Esmeralda's Amended Complaint was due before the removal deadline. See Fla. R. Civ. P. 1.190(a); 28 U.S.C. 1446(b).[3] Esmeralda served Scottsdale on October 30, 2018. (Doc. 1-5). Scottsdale had until November 29, 2018 to file a notice of removal. See 28 U.S.C. 1446(b). Esmeralda filed its Amended Complaint on November 15, 2018. (Doc. 1-5). Scottsdale's response was due on November 26, 2018 under Florida procedural rules. See Fla. R.

---

[2] It is undisputed that the parties are diverse.
[3] The Florida Rules of Civil Procedure require a defendant to file a responsive pleading within ten days after service of an amended pleading. See Fla. R. Civ. P. 1.190(a). A defendant seeking to remove a case to federal court must do so within thirty days after receipt of the initial pleading or service of summons, whichever period is shorter. See 28 U.S.C. 1446(b).

Civ. P. 1.190(a). Without more, it cannot be said here that Scottsdale took substantial action in state court by following Florida law and filing an answer and affirmative defenses before removal. See Yusefzadeh, 365 F.3d at 1247; see also Bechtelheimer v. Cont'l. Airlines, Inc., 755 F. Supp. 2d 1211, 1214 (M.D. Fla. 2010) (finding that defendant did not waive its right of removal by answering a complaint and serving discovery).

Scottsdale has also established the amount in controversy. While Esmeralda is correct that a demand letter may constitute puffery or posturing, the Court must also consider the specific information in a demand letter to determine if it provides a reasonable assessment of the value of the claim. See *Lamb v. State Farm Fire Mut. Auto. Ins. Co.*, 3:10-CV-615-J-32JRK, 2010 WL 6790539, at *2 (M.D. Fla. Nov. 5, 2010). Esmeralda's demand letter sought $130,693.17 in damages.[4] (Doc. 1-3). Attached to that demand letter was a thirteen-page appraisal itemizing the damage to Esmeralda's dining room, freezer, walk-in cooler, prep area, bread room, office, kitchen, and bathroom. (Doc. 1-3). The appraisal stated not only the total damages, which well exceeded the $75,000 threshold, but the total by room or area. It also listed the damages by individual item. (Doc. 1-3). Esmeralda's demand letter and attachment provided specific information to prove the amount in controversy. Scottsdale met its burden.

Because the Court found diversity jurisdiction, it need not consider Esmeralda's request for attorney's fees under 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."). The Court thus denies Esmeralda's motion.

---

[4] To the extent that Court must also consider Esmeralda's $7,500 deductible, the remaining damages, $123,193.17, still exceed the jurisdictional threshold.

Accordingly, it is now

**ORDERED:**

Plaintiff Esmeralda Cuban Bakery, Inc.'s Motion to Remand and for Attorney's Fees (Doc. 15) is **DENIED.**

**DONE** and **ORDERED** in Fort Myers, Florida this 25th day of January 2019.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record